UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00855-JVS (ANx)                Date  August 6, 2012

Title  Jeremiah Parra, et al. v. City of Santa Ana, et al.

Present: The Honorable  James V. Selna

| Karla Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Vincent Tien | Laura Rossini |

**Proceedings:** **Defendants' Motions in Limine (Fld 7-26-12)**
**1. To Bifurcate Punitive Damages Claim (Docket 38)**
**2. To Exclude Reference to prior and Subsequent Acts of defendant Detective Dominick Padilla and Detective Oscar Lizardi (Docket 39)**
**3. To Exclude the testimony of Plaintiff's Retained Expert Witness Robert N. Gale (Docket 40)**
**4. To Exclude Testimony of Plaintiff's Treatintg Physicians Dr. Gamal, Dr. Stausberg, Dr. Smith, Dr. Swann, Dr. Norman Reichwald, Dr. Gilbert Hernandez, Dr. Nader, Dr. Elias and Dr. Edward Hernandez at Trial (Docket 41)**

**Cause called and counsel make their appearances.  The Court's tentative ruling is issued.  Counsel make their arguments.  The Court GRANTS IN PART and DENIES IN PART motions in limine nos. 1, 2 and 4 referenced above. The Court GRANTS motion in limine no. 3.   The Court rules in accordance with the tentative ruling as follows:**

Defendants City of Santa Ana *et al.* ("City Defendants") move the Court for relief by way of Motions *in Limine*.[1]  The Court now enters its rulings.

A.  Motion *in Limine* No. 1: Bifurcation.

City Defendants seek an order to bifurcate the issues of liability and punitive

---

[1] All motions *in limine* were initially ordered off-calendar for failure to comply with Local Rule 7-3, subject to refiling upon compliance with the Local Rule. (Docket No. 33.)  City Defendants renoticed a portion of Motion No. 5 (Docket No. 32) as Motion *in Limine* No. 3, discussed below.  The original Motion *in Limine* No. 3 was not renoticed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00855-JVS (ANx)  Date  August 6, 2012

Title  Jeremiah Parra, et al. v. City of Santa Ana, et al.

damages. City Defendants also seek to exclude the fact that the individual defendants may be indemnified by the City for any damages which they sustain.

The Court has the power to bifurcate issues for "convenience, to avoid prejudice, or to expedite and economize." (Fed. R. Civ. P. 42(b). The Court orders that the trial shall proceed in two phases:

Phase I: Liability, compensatory damages, and punitive liability. The Court finds that it is most efficient to try all conduct issues in a single phase along with compensatory damages.

Phase II: The quantum of punitive damages. No evidence of the individual's financial capability shall be introduced prior to this phase. This in essence tracks the procedures under California Civil Code § 3294(b) and 3295. Such evidence is not relevant to liability or compensatory damages. The Court anticipates that Phase II, if it occurs, will be very short, and will follow immediately after Phase I.

In addition, no reference shall be made in any phase of the trial of the fact that the individual defendants may be indemnified by the City for any judgment. Parra makes no response to this portion of the motion. Such evidence is not relevant, and is clearly more prejudicial than probative because it could lead to an award based on the City's financial resources and not those of the individual defendants. (Fed. R. Evid. 402, 403.) Evidence and argument of potential indemnification is excluded.

The Motion is granted as indicated.

B. Motion *in Limine* No. 2: Prior Acts.

City Defendants seek an order to exclude prior acts of defendants Dominick Padilla ("Padilla"), Oscar Lizardi ("Lizardi"), and any non-party Santa Ana police officer. City Defendants cite no particular act which they seek to exclude.

While Rule 404(a) of the Federal Evidence would bar the admission of character evidence, Rule 404(b) would permit the admission of prior acts to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (Fed. R. Evid. 404(b).) Moreover, prior acts would admissible on plaintiff's Monell claim where plaintiff must show a custom or practice of Constitutional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00855-JVS (ANx) | Date | August 6, 2012 |
| Title | Jeremiah Parra, et al. v. City of Santa Ana, et al. | | |

violations.  Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692(1978). Thus, there is clearly a theoretical basis for admitting the type of evidence which City Defendants seek to exclude.

In his opposition, Parra cites no specific evidence of prior acts which he will seek to admit.

Given the absence of specifics, the Court has no basis to conduct the analysis required under Rule 404(b), Rule 403, or any other principle that would allow for admission or exclusion of such evidence.

Prior to mentioning or offering evidence of prior acts, Parra shall make an offer of proof outside the presence of the jury sufficiently detailed for the Court conduct the type of analysis described above.

Except as noted, the Motion is denied.

C. Motion *in Limine* No. 3: Expert Robert Gale.

City Defendants seeks an order to exclude the testimony of plaintiff's expert Robert Gale ("Gale") for failure to make expert disclosures as required by Rule 26(a)(2)(B).  The Motion was not timely unopposed, and is also granted on the merits. (Local Rule 7-12.)

Gale was identified as an expert with the production of his June 6, 2012 report.  (See Opposition, Ex.1.)  Generally, he expressed opinions about the use of force during the incident with plaintiffs.

*Standards.*

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure sets for the requirements for retained expert witness disclosures:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00855-JVS (ANx) | Date | August 6, 2012 |
| Title | Jeremiah Parra, et al. v. City of Santa Ana, et al. | | |

giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the <u>basis and reasons</u> for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(Fed. R. Civ. P. 26(a)(2)(B); emphasis supplied.)

Rule 37(c)(1) of the Federal Rules of Civil Procedure establishes a self-executing sanction for failing to make required disclosures: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); <u>Yetti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1105-06 (9th Cir. 2001). The Rule also provides for alternate sanctions:

In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00855-JVS (ANx) | Date | August 6, 2012 |
| Title | Jeremiah Parra, et al. v. City of Santa Ana, et al. | | |

orders listed in Rule 37(b)(2)(A)(i)-(vi).

(Id.)

*Discussion.*

Gale's opinions are set forth in ten single-sentence conclusions. (Opposition, Ex. 1, pp. 3-4.) Typical is opinion No. 3: "The seizure of Plaintiff Parr was unjustified and unreasonable under the circumstances." No basis or reason for the opinion is advanced. No supporting facts are presented. This and all the other disclosed opinions fail to meet the standard imposed by Rule 26(a)(2)(B)(i). The disclosures have the vice which the 1993 amendments sought to cure because they are "so sketchy and vague that it [does not] dispense[] with the need to depose the expert and . . . [is] of little help in preparing for a deposition of the witness." (Fed. R. Civ. P. 26, Comments to 1993 Amendments.) The flaws in the disclosures are not harmless or substantially justified. They definitely prejudice City Defendants in the preparation of their defense. (Fed. R. Civ. P. 37(c)(1).

Separately, the Court finds that Gale lacks the medical qualifications to express opinion Nos. 1 and 6. (Fed. R. Evid. 702.)

Given the present stage of the proceedings, there is no sanction less drastic than exclusion. (Fed. R. Civ. P. 37(c)(1).) The parties' time should be spent in trial preparation–not in a last minute discovery which could have been accomplished in the normal course had there been timely and complete disclosures for Gale.

D. <u>Motion *in Limine* No. 4: Treating Physicians.</u>

City Defendants seeks an order to exclude the testimony of treating physicians Dr. Reda Gamal, Dr. Stuart Stausberg, Dr. Geoffrey Smith, Dr. Brain Swann, Dr. Normal Reichwald, Dr. Gilbert Hernandez, Dr. Arnanious Nader, and Dr. Edward J. Hernandez (collectively "Treating Physicians") on the ground that the treating physicians have not been properly disclosed.

The Treating Physicians were first identified in plaintiff's June 7, 2012 witness list and in plaintiff's July 16, 2012 First Supplemental Disclosures. (Motion, Exs. A, B.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00855-JVS (ANx) | Date | August 6, 2012 |
| Title | Jeremiah Parra, et al. v. City of Santa Ana, et al. | | |

*Standards.*

Rule 26 of the Federal Rules of Civil Procedure requires initial disclosures of "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." (Fed. R. Civ. P. 26(a)(1)(A)(i).) Generally, initial disclosures must take place within 14 days of the Rule 26(f) scheduling conference. (Fed. R. Civ. P. 26(a)(1)(D).) A party has an ongoing obligation to supplement its disclosures. (Fed. R. Civ. P. 26(e)(1).)

The standards for failure to comply with disclosure obligations are discussed in the proceeding section.

*Discussion.*

Parra did not disclose the Treating Physician is his September 6, 2011 initial disclosure. (Motion, Ex. C.) No mention was made in response to interrogatories or requests for production which elicited the names of medical witnesses and their documents. (Id., Exs. F, G.) The discovery cut-off was May 30, 2012.

It is clear that Parra failed to provide an adequate initial disclosure and failed to honor his obligation to supplement his disclosures. (Fed. R. Civ. P. 26(a)(1)(A)(i), (e)(1).)

Parra's response is unconvincing. While his medical condition and treatment may have been evolving (Opposition, p. 1), there is no excuse for failing to disclose the providers he saw in 2011, some as early as May. Certainly, there is no excuse for disclosing the list of Treating Physicians in June 2012 and <u>after</u> the discovery cut-off. Given that the trial date was known in 2012, when the Court conducted the scheduling conference, it is no excuse that the Treating Physician belatedly, or in some case have not yet, prepared their reports. The closest Parra came to identifying any of the Treating Physician is the disclosure of Dr. Swann's medical group–but not the name of Dr. Swann–in November 2011 discovery responses. (Motion, Ex. E, p. 7.)

The Court finds that Parra's discovery failure are not insubstantial and are definitely prejudicial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00855-JVS (ANx) | Date | August 6, 2012 |
| Title | Jeremiah Parra, et al. v. City of Santa Ana, et al. | | |

The Court has the power to fashion remedies short of complete exclusion. (Fed. R. Civ. P. 37(c)(1).) The Court orders the following.

      1. The Court will allow Drs. Stausberg and Swann ("Allowed Doctors") to testify if the requirements noted below are met.[2] There is simply insufficient time to allow for fair discovery of the full panoply of Treating Physicians, and all other Treating Physicians are excluded.

      2. The Allowed Doctors shall make full production of all medical records and reports within seven days. The Allowed Doctors will not be allowed to testify to or present evidence with respect to any report not produced.

      3. The Allowed Doctors shall present themselves for deposition within 14 days. Parra shall pay all expert or other fees charged by the Allowed Doctors for their depositions. Parra shall pay all costs associated with expediting preparation of the transcript.

      4. City Defendants may apply to the Court *ex parte* for leave to identify additional experts or for such other relief as is appropriate in light of the depositions.

The Motion is granted as indicated.

* * * * * * * * * * * *

**Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**

| | | 0 | : | 12 |
|---|---|---|---|---|
| | Initials of Preparer: | kjt | | |

---

    [2]In its tentative order, the Court had allowed Parra to select two doctors from a list of four. At the hearing, he chose the two noted in text.